[UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRENDAN FAHEY, JEREMY DEVINE,
and AUDRA SIGNER,

                                                                     **MEMORANDUM
                                                                      AND ORDER**

                                     Plaintiffs,                22-cv-7041 (KAM) (JMW)

       -against-

INCORPORATED VILLAGE OF
MANORHAVEN, e*t al*.,

                                    Defendants.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

Steven G. Leventhal, Esq.
**Leventhal, Cursio, Mullaney & Sliney, LLP**
15 Remsen Avenue
Roslyn, NY 11576
*Attorney for Petitioners*

Brian S. Sokoloff, Esq.
**Sokoloff Stern LLP**
179 Westbury Avenue
Carle Place, NY 11514
*Attorney for Respondents*

**WICKS,** Magistrate Judge:

       Plaintiffs[1] Brendan Fahey, Jeremy Devine, and Audra Signer commenced and

administrative review or Article 78 proceeding in Supreme Court, Nassau County to challenge

---

[1] The Petitioners and Respondents, as referred to in the state action, are referred to as Plaintiffs and Defendants, respectively, in this Order, consistent with the nomenclature used in federal court. The Clerk of the Court is respectfully directed to amend the docket consistent with the caption of this Memorandum and Order.

1

Defendants the Village of Manor Haven and others,[2] alleged failure and refusal to accept Plaintiffs' various appointments and oaths of office. (DE 1.) Within the Article 78 proceeding, Plaintiffs also challenged the procedure used to enact two local laws as violative of their federal constitutional rights. (*Id.*) Defendants removed the case to this court based on the federal claims raised in the petition. (*Id.*; DE 13.) Defendants now claim that they anticipate filing a motion for summary judgment, and ask the Court to halt discovery on that basis. (DE 14.) Plaintiffs oppose Defendants' motion for a stay of discovery. (DE 14.)

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Ahmad v. Day*, No. 20-CV-4507, (AT) (GWG) 2021 U.S. Dist. LEXIS 32401, at *1 (S.D.N.Y. Feb. 22, 2021) (internal quotations and citations omitted). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. 2005-CV-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). The three factors that courts use to decide whether good cause has been shown pending a dispositive motion are: *first,* whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, *second,* the breadth of discovery and the

---

[2] Defendants include the Incorporated Village of Manorhaven, Village of Manorhaven Board of Trustees, John Popeleski (in his officially capacity as Village Mayor), Sharon Natalie Abramski (in her officially capacity as Village Clerk), Village of Manorhaven Board of Zoning Appeals, Village of Manorhaven Planning Board, Frank Ottaviani (in his purported official capacity as a member of the Village of Manorhaven Board of Zoning Appeals), and Richard Zimbardi and Elise Ledda (in their purported official capacities as members of the Village of Manorhaven Planning Board).

burden of responding to it, and *third,* the risk of unfair prejudice to the party opposing the stay. *Josie-Delerme v. American General Finacne Corp.*, No. 08-CV-3166 (NG) (MDG), 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).

As to the first factor*,* a stay is warranted where a defendant's motion "appears not to be unfounded in the law." *Gandler v. Nazarov*, No. 94-CV-2272 (CSH) 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994). All the Court has before it now is Defendants' argument that the nature of the claims in this action largely present legal questions, and thus, are appropriate for summary judgment resolution without further discovery. At this juncture, Defendants have alluded to a potential motion for summary judgment, but they have not filed such a motion, or even made a request to the District Judge for a pre-motion conference, or otherwise taken any steps to initiate dispositive motion practice. The exact legal underpinnings of such a proposed motion have not even been raised in the instant application for a stay. Thus, the Court cannot assess whether the anticipated motion appears to be founded in the law or not. This weighs *against* the granting of a stay.

As to the second and third factors, the Court looks to the breadth of discovery and the burden on Defendants of responding to it, and the risk of unfair prejudice to Plaintiffs. *Josie-Delerme*, 2009 WL 497609, at *1. Defendants do not sufficiently address the breadth of discovery or the burdens of responding to such discovery. (*See* DE 13.) Though the named Defendants in this matter are numerous, the events in this action date back to only mid-2022, which mitigates the breadth and burdens of discovery. (DE 1-1 at 9.) This weighs against granting a stay.

As to prejudice, Defendants' chief argument is that Plaintiffs initiated this action as an Article 78 proceeding in state court, and thus, Plaintiffs can claim no prejudice from a lack of

3

discovery.  An Article 78 proceeding is a special proceeding that allows an individual to challenge the decision or action of a New York State agency or officer in New York State Court. *See* N.Y. C.P.L.R. § 7804(a).  Damages can only be awarded in an Article 78 proceeding if they are "incidental to the primary relief sought" and if the relief is "such as [the petitioner could have recovered] on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (alteration in original) (citing N.Y. C.P.L.R. § 7806); *Horton v. Westling*, 765 F. App'x 531, 533 (2d Cir. 2019) (summary order) (same).  Where the individual "primarily seeks reinstatement," the Court can award "reinstatement and back pay, injunctive and declaratory relief, and attorney's fees" but neither compensatory nor punitive damages are typically available. *Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 782 (S.D.N.Y. 2003).

In an Article 78 proceeding, as the parties here full well know, discovery is not a matter of right.  The responding body or officer files, *inter alia*, a certified transcript of the record of the relevant proceedings along with the answer.  N.Y. C.P.L.R. § 7804(e).  The court then primarily considers the administrative record. *See Dukes v. NYCERS*, 331 F.R.D. 464, 471–72 (S.D.N.Y. 2019) ("[I]n a typical Article 78 case in New York state court, which is a special proceeding (CPLR § 7804(a)), the petitioner generally is not permitted to take discovery outside the 'record of the proceedings under consideration,' which is filed with the Court pursuant to CPLR § 7804(e).").

Discovery may be permitted by the state court, but only with leave of the court. *See* N.Y. C.P.L.R § 408 (requiring leave of court for disclosure); *Alexander M. v. Cleary*, 188 A.D.3d 1471, 1474 (3d Dep't 2020) (citing *Matter of Held v State of N.Y. Workers' Compensation Bd.*,

103 AD.3d 1063, 1064 (2013)).  Even then, "[b]ecause discovery tends to prolong a case, and is therefore inconsistent with the summary nature of a special proceeding, discovery is granted only where it is demonstrated that there is need for such relief."  *Town of Pleasant Valley v. New York State Bd. of Real Prop. Servs.*, 253 A.D.2d 8, 15 (1999).

      Defendants aver that summary judgment at this stage is the federal equivalent of the Article 78 proceeding for all practical purposes.  Defendants argue that Plaintiffs cannot now claim prejudice from the quick and discovery-free resolution of this case when that is the exact method they chose by initiating an Article 78 proceeding.  (DE 13 at 2.)  Defendants' argument, however, cuts both ways.  Defendants cannot ring the bells of burdensome discovery or prejudice when they in fact charted this procedural course, that is, Defendants chose to remove this case to federal court on the basis that the pleadings from state court state a federal question.  By doing so, Defendants availed (or perhaps subjected) themselves to all the attendant benefits and burdens of federal practice.

      Defendants state that the expected discovery subjects listed in the Scheduling Order (DE 12) are (1) Appointment to the Village Zoning and Planning Boards, (2) Enactment of Local Laws 3 of 2022 and 5 of 2022, and (3) Claim for damages.  (DE 13 at 2.)  Defendants argue that Plaintiffs do not need discovery on the first topic since Plaintiffs already filed pre-suit notices of claim, testified about the circumstances surrounding their alleged appointments and oaths and attached information relevant to those issues to their state court petition.  (DE 13 at 2-3.)  As to the enactment of the local laws, Defendants state that whether enactment of those laws violate Plaintiffs' constitutional rights requires no more than a review of the text of those statutes. (DE 13 at 3.)  As to damages, Defendants state that the parties agree that any potential damages in this case are nominal, and there is no claim for "emotional distress" related or "serious lost

5

income" related damages. (DE 13 at 3.) Additionally, Defendants state that even if the amount of damages is contested, damages discovery can simply wait until a decision on the merits.

On the other hand, Plaintiffs state that they have asserted claims pursuant to Article 78 but also constitutional claims related to the procedures used to enact two local laws, and the latter claims do not depend on the former. (DE 14 at 1.) Plaintiffs argue that they should be allowed discovery to obtain testimony and records of the specific steps taken by the Defendants when adopting these laws, and discovery of the administrative record. (DE 14 at 2.) Plaintiffs note that pursuant to local laws, Defendants have already deposed Plaintiffs without having to file the administrative record as contemplated by N.Y. C.P.L.R. §7804(e) and Rule 26(a)(1)(B)(i) (exempting an action for review on an administrative record from initial disclosure), and without producing any initial disclosures relevant to Plaintiffs' constitutional claims. (DE 14 at 2.) Plaintiffs argue that although they have complied with their initial disclosure obligations under Rule 26, they have not had the opportunity for any other discovery. (DE 14 at 2.)

Considering the factors outlined above, Defendants have not met their burden to justify a stay of discovery at this juncture.[3]

Defendants rely on this Court's decision in *Separ* to support their request for a stay. *Separ v. County of Nassau*, No. 21-CV-00010 (DRH) (JMW), 2021 WL 2474263, at *1 (E.D.N.Y. June 17, 2021). Defendants argue that like in *Separ*, discovery here has not begun. *Separ* involved a motion for stay of discovery that was filed *after* the movant made a request for a pre-motion conference, and before the initial conference occurred or any scheduling order was

---

[3] Plaintiffs note that they intend to seek leave to amend their complaint to add the Village Mayor as a defendant in his individual capacity, and in connection with that request, they urge that a motion for summary judgment prior to the Court's consideration of that request would be premature. (DE 14 at 2.) The question of whether Defendants may initiate dispositive motion practice is one for the District Judge, and thus, should be directed accordingly.

6

set.  *See generally*, *Separ*, 2021 WL 2474263.  First, here the Court held an initial conference on January 5, 2023 (DE 11) and entered a Scheduling Order (DE 12).  Perhaps minimal discovery has occurred, *e.g.*, apparently only Rule 26(a)(1) disclosures by Plaintiffs, but discovery has certainly started in this matter, and should be in progress pursuant to the Scheduling Order notwithstanding the instant motion.  Second, dispositive motion practice has not been initiated.  In contrast, in *Separ* the court reviewed the likelihood of success of the defendants' motion to dismiss as part of its overall analysis of whether a stay was warranted.  *See Separ*, 2021 WL 2474263, at *2.  The Court has no opportunity to do so here.

On balance, Defendants have not shown good cause to warrant a stay of discovery at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion for a stay of discovery (DE 13) is hereby denied without prejudice to renewal at an appropriate time.

Dated:  Central Islip, New York
February 15, 2023

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge